# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|                               |   |                           |
|-------------------------------|---|---------------------------|
| **UNITED STATES OF AMERICA**  | * |                           |
| v.                            | * | CRIMINAL NO. JKB-11-0695  |
| **RONTARIO LAMONT SULLIVAN,** *et al.* | * |                    |
| **Defendants**                | * |                           |

[Fernando Sierra II]

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

This matter came before the Court on April 17, 2012, for a hearing upon Defendant Fernando Sierra II's opposition (ECF No. 86) to the Government's motion to exclude time pursuant to the Speedy Trial Act ("STA"), 18 U.S.C. § 3161 *et seq.* (ECF No. 82). In his opposition, Sierra asserts the ends of justice are not served by the Court's order setting a three-week trial in this multi-defendant, multi-count case to begin January 14, 2013. He also asserts he is being denied his Sixth Amendment right to a speedy trial. At the hearing, Sierra argued that the evidence against him in the upcoming trial would be limited to two meetings between codefendants and a relative handful of recorded telephone calls. Thus, as to him, he argued, the Court should not have excluded the requested time in the case from the STA calculation; this would effectively constitute a severance without a request for one. The Court questioned whether case law existed to support the proposition that a minor participant in a conspiracy was entitled to a separate trial on speedy trial grounds simply on the basis of his lesser role in the charged conspiracy. The Court also asked whether the evidence as to Sierra was distinctively discrete, qualitatively and quantitatively, from the evidence against the other codefendants.

Additional time was allowed both sides to brief these matters. Their respective submissions (ECF Nos. 94 & 95) have now been considered by the Court.

In his supplemental submission, Sierra conceded the absence of case law supporting the proposition regarding the entitlement by a minor participant in a conspiracy to a separate trial on speedy trial grounds premised upon his lesser role in a conspiracy. He has cited the case of *United States v. Noriega*, 746 F. Supp. 1548 (S.D. Fla. 1990), as support for the notion that a defendant's role in a conspiracy case can be relevant to determining whether a delay in trial attributable to codefendants is reasonable under the STA. However, that case noted specifically that such a circumstance is not to be considered alone but only in conjunction with "*all* relevant circumstances." *Id.* at 1561-62. But of equal importance is Sierra's misstatement of context. The delay in the instant case is not so much attributable to Sierra's codefendants. More, it is attributable to the nature of the case.

The Court finds that, despite Sierra's characterization to the contrary, this is not a run-of-the-mill case. It may be typical of a drug conspiracy case in this District, but "typical" does not mean "simple." With six defendants, five counts, and a forfeiture allegation, this case is not simple. Its complexity is compounded by the volume of discovery, estimated by the Government to include hundreds of recorded telephone calls and more than 2,000 pages of written discovery to be provided to defense counsel.

In the Court's February 29, 2012, status conference with counsel for all six defendants and Government counsel, defense counsel requested six weeks after the discovery deadline of June 29, 2012, in which to file their motions. Allowing for responses and replies, the motion hearing dates were set for October 5 and 12, 2012. (ECF No. 81.) The trial date was specifically chosen as the first three-week period when all defendants' attorneys, the prosecution, and the

Court were mutually available. It would be a denial of justice for a trial date to be set when one or more defense attorneys or Government counsel would not be available. The trial date was *not* chosen merely due to "court congestion." It was chosen to accommodate all concerned. Thus, the ends of justice are served by the trial date of January 14, 2013.

Of great importance to the Court's conclusion to affirm the STA exclusion of time is the stark difference between Sierra's view and the Government's view in characterization of the evidence. Sierra argues the evidence will show that his participation in the conspiracy was minimal, but the Government argues to the contrary. Indeed, the Government proffers that Sierra was the ultimate target of the wiretap because he is alleged to be the supplier of cocaine and cocaine base to Sullivan after Sullivan's first supplier was arrested. Thus, the Government asserts, "*all of the interceptions, surveillance and seizures relating to any and all of the conspirators*, culminating with the arrest of Sierra, would be presented at any separate trial of Sierra, thus duplicating in its [entirety] the trial of the defendants from whom he seeks severance." Specifically, the Government notes that it is necessary to show Sullivan's transactions and conversations with other codefendants in order to provide meaning and context to the evidence more particularly pertaining to Sierra. The Government's argument as to the contours of the evidence is persuasive. It cannot, therefore, be concluded that the evidence as to Sierra is distinctively discrete, qualitatively and quantitatively, from the evidence relating to the other codefendants.

As for the constitutional argument of denial of the right to speedy trial, the Court finds it to be of no merit. Sierra places much emphasis on the length of time between his incarceration on December 7, 2011, and the beginning of trial on January 14, 2013, arguing it is presumptively prejudicial because it is longer than a year, citing *United States v. Thomas*, 55 F.3d 144, 149 (4th

Cir. 1995). Even if that were true, that is not the end of the inquiry. Rather, other factors must be considered, as set forth in the balancing test of *Barker v. Wingo*, 407 U.S. 514 (1972). "Those factors are: (1) whether the delay was uncommonly long; (2) what the reason was for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether prejudice resulted to the defendant." *United States v. Shealey*, 641 F.3d 627, 634 (4th Cir.), *cert. denied*, 132 S. Ct. 320 (2011) (citing *Barker v. Wingo*, 407 U.S. at 530).

*Barker* differentiated between "an ordinary street crime" and "a serious, complex conspiracy charge," noting that what may be considered a lengthy delay for the former may not be considered a lengthy delay for the latter. 407 U.S. at 530-31. The Court finds that the delay in trial date is validly based upon the case's complexity—which necessarily influences the volume of work, the amount of time in which it is to be accomplished, and the number of individuals involved—rather than due to unwarranted, deliberate delay by the Government. Whatever prejudice may be presumed in the length of delay were it to be applied to "an ordinary street crime" is not applicable to the instant case because this is "a serious, complex conspiracy charge." The Court's finding addresses both the first and second factors in *Barker*. The third factor is not in dispute as Sierra has asserted his right to a speedy trial. The fourth factor does not weigh in Sierra's favor. He has only contended "he will be prejudiced by the delay because of, among other things, witness memories fading, and potentially remaining incarcerated pending trial for more than a year." (Def. Sierra's Opp. 6.) He has failed to articulate a compelling case for finding prejudice. His argument rests in part upon speculation about future accuracy of witnesses' memories. Although anything is possible with witnesses' memories, the mere possibility that a witness or witnesses may have some difficulty recalling at trial in January 2013

events from the Fall of 2011 is not sufficient to establish prejudice to Sierra's case. *See United States v. Loud Hawk*, 474 U.S. 302, 315 (1986).

As for the length of pretrial incarceration, which, by the time of trial, will be a little over thirteen months, cases from other circuits indicate that Sierra's incarceration should not be considered prejudicial. *See, e.g.*, *United States v. Munoz-Amado*, 182 F.3d 57, 63 (1st Cir. 1999) (nineteen-month pretrial incarceration insufficient in itself to establish prejudice); *United States v. Hakeem*, 990 F.2d 750, 761 (3d Cir. 1993) (pretrial incarceration of fourteen-and-one-half months did not demonstrate *per se* oppressive pretrial delay). The Court agrees that the length of pretrial incarceration here does not demonstrate prejudice to Sierra.

Thus, the Court concludes that the Government is not responsible for the length of time it will take to begin trial in this case and that Sierra has failed to show prejudice. Accordingly, the Court affirms its prior order granting exclusions from the Speedy Trial Act (ECF No. 83) and finds no merit in Sierra's assertion of denial of his Sixth Amendment right to speedy trial.

DATED this 23rd day of April, 2012.

                                                                                               BY THE COURT:

                                                                        /s/
                                                                  James K. Bredar
                                                                  United States District Judge